UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JOEVAL M. JONES,**

        Petitioner,

        v.                Case No. 07-C-486

**RICHARD SCHNEITER,**
**Warden,**

        Respondent.

## DECISION AND ORDER DENYING
## PETITION FOR A WRIT OF HABEAS CORPUS

    On May 25, 2007, Joeval M. Jones ("Jones") a person incarcerated pursuant to a Wisconsin state court judgment, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 19, 2007, Chief Judge Rudolph T. Randa screened Jones' petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer. Upon the parties consenting to the full jurisdiction of a magistrate judge, this matter was reassigned to this court, and on August 27, 2007, the respondent answered the petition. On September 24, 2007, Jones filed a "Motion to Remand to State Court to Exhaust Unexhausted and Additional Claims." The pleadings on this motion are closed and the matter is ready for resolution.

    The respondent argued in his answer that Jones is not entitled to relief on his claim he was denied the effective assistance of counsel when his attorney allegedly pressured him to plead guilty because the court of appeals determined that Jones failed to properly raise this issue in a post-conviction motion before the trial court.

In his present motion, Jones argues that the court of appeals abused its discretion because if there was an error in his failing to present this claim to the trial court, the error was actually that of his appellate counsel. Additionally, he argues that he fairly presented this claim to the court of appeals and thereby preserved the issue to permit review by this court. Nonetheless, Jones requests that this case be "remanded" to state court in order to permit him to exhaust this claim.

The procedure that Jones appears to be asking this court to utilize is what is commonly known as "stay and abeyance," whereby the federal court stays the proceedings in a state inmate's habeas petition and holds the petition in abeyance while the petitioner exhausts claims in state court. See Rhines v. Weber, 544 U.S. 269 (2005); Rose v. Lundy, 455 U.S. 509 (1982). Absent a stay and abeyance, if this court were to simply dismiss or "remand" Jones' case to state court to permit him to exhaust unexhausted claims, Jones would be precluded from filing a subsequent habeas petition as a result of the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). See Rhines, 544 U.S. at 275. Thus, if this court were to grant his present motion, Jones would forfeit his ability to pursue any federal habeas petition. Therefore, this court shall construe Jones' motion as a motion for a stay and abeyance.

A district court should grant a stay only when a "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. Although there is no indication that Jones' failure to exhaust his claims was the result of an intentionally dilatory litigation tactic, the court finds that Jones has failed to demonstrate that his claim is potentially meritorious or that he has good cause for his failure to exhaust. Therefore, the court shall deny Jones' motion.

Following the completion of his direct appeal, there was no reason why Jones could not have returned to the trial court to exhaust his ineffective assistance of counsel claim, as the court of

appeals pointed out to him that he failed to do, rather than choosing to pursue a federal habeas petition. Jones was not first made aware of his failure to properly raise his ineffective assistance of counsel claim by the respondent's answer in this case, but rather the court of appeals explicitly informed him of his failure. Further, Jones fails to present any evidence to support his claim.

The trial court conducted a plea colloquy with Jones, during which Jones stated no one had made any promises or made any threats to him to get him to plead guilty. (Ans. Ex. J at 16.) Further, the following exchange occurred at the change of plea hearing:

> THE COURT: Based on all of those conversations with your client, are you satisfied that he can give the court a plea which is truly free, voluntary and intelligent?
>
> [DEFENSE ATTORNEY]: Yes. I was very explicit that this is his decision and he has to be doing it, and while I acknowledge that I recommended it, and in fact argued with him, for him to take this, nonetheless, I am confident I did not force him to take the plea, and I did not - - certainly did not promise him, other than continued vigorous representation, to get him to do it.
>
> THE COURT: Is that correct Mr. Jones?
>
> [JONES]: Yes, it is.

(Ans. Ex. J at 22.) Therefore, upon evaluating Jones' claim, the court finds that it is without potential merit and therefore shall be denied pursuant to 28 U.S.C. § 2254(b)(2). The court shall now turn to the merits of Jones' exhausted claims.

**STANDARDS OF REVIEW**

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief- the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, 546 U.S. 333, 339 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the issues raised by the petitioner.

**ANALYSIS**

Jones presents three grounds for relief. First, Jones alleges that his plea was not voluntary because he was pressured into taking the plea when the leader of the "Ghetto Boys" said, "It would be in your and your family best interest to take the plea, because it'll help me in my federal sentencing." (Compl. at 6.)

The following relevant facts are contained in the court of appeals' decision:

Jones pleaded no contest to one count of second-degree reckless homicide by use of a dangerous weapon. Jones appeared with counsel at sentencing. When the court offered Jones his right of allocution, Jones stated that he wanted to withdraw his plea. The court then engaged Jones directly in a lengthy discussion to determine the ground for the request. Jones asserted that he had been coerced or intimidated into making the plea by certain other gang members with whom he had been incarcerated at the time. After discussing the issue with Jones directly, the court asked Jones' attorney if she was aware of this claim, and she was not. The court provided a chance for Jones and his attorney to discuss the matter. When the hearing resumed, his attorney said that Jones was not willing to discuss the issue with her and, therefore, "since this is a critical decision, he should have a different lawyer to help him."

The court did not directly decide the request for a different lawyer. After discussing various portions of the record, the court denied the plea-withdrawal request because the court saw "no basis in it." The court then imposed sentence. After sentencing, represented by postconviction counsel, Jones filed a postconviction motion that

5

again sought to withdraw the plea, on essentially the same grounds. The court denied the motion.

State v. Jones, 2006 WI App 56, ¶¶3-4 (per curiam) (unpublished).

The court of appeals rejected Jones' claim, stating:

We conclude that the circuit court properly denied Jones' request. It is not enough for a defendant to say that he was intimidated: the circuit court must also believe the facts alleged are true. Although Jones was not sworn and did not testify, the circuit court could properly make a credibility determination based on its discussion with Jones, and could properly decide that there was no factual basis for the plea-withdrawal request. Credibility determinations in this context are for the circuit court, not this court.

Jones, 2006 WI App 56, ¶6 (internal citations omitted).

As recognized by the court of appeals, credibility is largely a matter for the trial court. Jones presents no facts that would tend to support the conclusion that the decision of the court of appeals was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

There was ample evidence to support the trial court's conclusion that Jones' claims regarding being coerced into pleading no contest were not credible. In addition to Jones' statements during the plea colloquy, significant to the trial court was the fact that Jones wrote a letter to the court after his changing his plea where he took full responsibility for his actions. The court found that Jones' letter was inconsistent with a person who was coerced into pleading guilty. (Ans. Ex. K at 46-48.) In light of the evidence contained in the record, the court is unable to say that Jones is entitled to relief on this claim.

Second, Jones alleges that he was denied the effective assistance of counsel at his sentencing by being left pro se to argue his motion to withdraw his guilty plea. (Compl. at 7.) The court of appeals rejected this claim, stating:

> We have also considered whether there is a basis for a claim that Jones' trial counsel was ineffective by failing to make a request for plea withdrawal. However, even if his attorney had made that argument, it would fail on the prejudice component. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (to establish ineffective assistance of counsel defendant must show that counsel's performance was deficient and that such performance prejudiced his defense). Jones does not point to anything his attorney could have done to change the court's assessment of the basis for the request.
>
> Jones next argues that the court erred by allowing him to proceed pro se on his plea-withdrawal request without there being an on-the-record waiver of his right to counsel . . . . He also argues that the court erred by "forcing" him to proceed on the request without counsel. We reject these arguments because Jones was not pro se. He was represented throughout the entire time period. The court did not relieve his attorney from representation, and counsel remained present at all times during the proceedings.

Jones, 2006 WI App 56, ¶¶7-8 (internal citations omitted).

The court has reviewed the transcript of Jones' sentencing hearing where he first made the request to withdraw his plea. Upon review, the court agrees with the court of appeals; it is clear that at no point was Jones left unrepresented. Jones' attorney was completely unaware of Jones' desire to withdraw his plea prior to his statements in court. (Ans. Ex. K at 53.) Jones raised the issue on his own. Although the court engaged in a relatively lengthy discussion directly with him regarding the basis for his claim, in no way does this mean that Jones was left pro se and denied the effective assistance of counsel. Although his attorney requested that another attorney be appointed for Jones on the grounds that Jones was not willing to discuss the matter with her, the court denied this request in part upon the grounds that it was Jones' own fault that he did not raise this issue earlier. (Ans. Ex. K at 54-55.) As the court of appeals observed, "Jones does not point to anything his attorney could have done to change the court's assessment of the basis for the request." Jones, 2006 WI App 56, ¶7. Therefore, the court is unable to say that the decision of the court of appeals was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable

7

determination of the facts in light of the evidence presented in the State court proceeding, and thus Jones is not entitled to relief on this claim.

Finally, Jones argues that the court improperly exercised its discretion when it denied him a full and fair hearing on his request to withdraw his guilty plea but instead the court simply questioned Jones. (Compl. at 7.) The respondent argues that this claim is without merit because Jones did, in fact, have a hearing when he was permitted to argue the motion at his sentencing hearing. Alternatively, the respondent argues that Jones fails to state a federal basis for relief with respect to this claim.

Having reviewed the transcript of Jones' sentencing hearing, the court finds no federal basis for relief. Given the context of Jones' request, there was nothing improper in the court investigating the basis for Jones' request by asking him questions. Therefore, the decision of the court of appeals was contrary not to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, and thus Jones is not entitled to relief on this claim.

**IT IS THEREFORE ORDERED** that Jones' "Motion to Remand to the State Court to Exhaust Unexhausted and Additional Claims," (Docket No. 16), is **denied**.

**IT IS FURTHER ORDERED** that Jones' petition for a writ of habeas corpus is **denied** and this action is **DISMISSED**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this <u>10th</u> day of December, 2007.

                                                      s/AARON E. GOODSTEIN
                                                      U.S. Magistrate Judge